IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARTHUR D. JONES,<br><br>    Plaintiff,<br><br>vs.<br><br>GABRIEL PENAHERRERA, Correctional Officer; JOHN JOHNSON, Correctional Officer; SETH VAN MAANEN, Correctional Officer; and J.A. JORDAN, Correctional Officer;<br><br>    Defendants. | 8:20CV393<br><br>**MEMORANDUM<br>AND ORDER** |

Plaintiff brings this 42 U.S.C. § 1983 action against several correctional officers with the Douglas County Department of Corrections. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 10), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff alleges that when he was a pretrial detainee, he awakened to find Defendants Penaherrera and Johnson assaulting him, resulting in chipped teeth, headaches, a dislocated shoulder, knee "punctures," and discomfort in his spine and back. Plaintiff claims that two days prior to that assault, Defendant Jordan threatened to beat him "with A/C chains." Although not entirely clear, Plaintiff also appears to be claiming that two days before the assault, Defendant Penaherrera cut the water off to Plaintiff's cell for "no reason" and that the day before the assault, Penaherrera "false reported" that Plaintiff "fistpunched" Penaherrera. (Filing 1 at CM/ECF pp. 4-5; Filing 5 at CM/ECF p. 1.) Plaintiff does not specify the capacity in which he sues the Defendants, from whom he requests money damages only.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

### A.  Defendants Sued in Official Capacity

Plaintiff sues four Douglas County Correctional Officers. Because he does not indicate the capacity in which these Defendants are sued, the court must assume they are sued in their official capacities. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil

2

liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)).

Plaintiff's claims against the Defendants in their official capacities are actually claims against Douglas County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that

3

misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against the Defendant correctional officers in their official capacities—which are in reality a claim against Douglas County—fail to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. However, the court shall grant Plaintiff leave to file an amended complaint to either allege truthful facts pointing to a government policy or custom that was responsible for the constitutional violation ***or*** by suing Defendants in their individual—instead of official—capacities.

## B.  Defendant Van Maanen

While Plaintiff names Seth Van Maanen as a Defendant in his Complaint (Filing 1 at CM/ECF p. 3), he fails to mention him in the body of his Complaint and therefore fails to state a claim against him. "A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant." *Banks v. New York Police Dep't*, No. 4:15CV3012, 2015 WL 1470475, at *2 (D. Neb. Mar. 31, 2015); *see also Krych v. Hvass*, 83 Fed. App'x 854, 855 (8th Cir. 2003) (unpublished) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed pro se complaint where complaint did not allege that defendant committed specific act and complaint was silent as to defendant except for his name appearing in caption)).

4

### C. Pretrial-Detainee Excessive-Force Claim

Should Plaintiff choose to file an amended complaint against Defendants in their individual capacities, he should be mindful of the elements of his claim. Plaintiff claims that Defendants have violated his right to be free from cruel and unusual punishment while he was a pretrial detainee with the Douglas County Department of Corrections. The Eighth Amendment "has no application" until there has been a "formal adjudication of guilt." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)). But the Fourteenth Amendment gives state pretrial detainees rights which are "*at least as great* as the Eighth Amendment protections available to a convicted prisoner." *Id.* (emphasis in original; quoting *City of Revere*, 463 U.S. at 244); *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) ("Therefore, if the use of force in this case would have violated the Eighth Amendment had the plaintiffs been prisoners, that conduct necessarily violated the plaintiffs' rights under the Fourteenth Amendment."). The Constitution affords greater protection to a pretrial detainee compared to a convicted inmate in the sense that "[d]ue process requires that a pretrial detainee not be punished." *Walton*, 752 F.3d at 1117 (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)).

Excessive-force claims of pretrial detainees are analyzed under an objective-reasonableness standard—that is, were Defendant's actions objectively reasonable under the circumstances? *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). A court must assess the actions of each officer "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Kingsley*, 576 U.S. at 397 (quoting *Bell*, 441 U.S. at 520). Factors relevant to assessing the objective reasonableness of force used by officers include:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the

5

officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Ryan*, 850 F.3d at 427 (quoting *Kingsley*, 135 S. Ct. at 2473).

### IV. CONCLUSION

In its present form, Plaintiff's Complaint fails to state a claim upon which relief can be granted. However, on the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently states his excessive-force claims. The amended complaint must specify in what capacity Defendants are sued, must identify each Defendant by name, and must set forth all of Plaintiff's claims (and any supporting factual allegations) against that Defendant. To be clear, Plaintiff's amended complaint must restate the relevant allegations of his Complaint and any new allegations. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him. Plaintiff is warned that any amended complaint he files will supersede, not supplement, his prior pleadings.

If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A after he addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must identify each Defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that Defendant. Plaintiff should be mindful to explain in his amended complaint what

6

each Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that a second amended complaint will supersede, not supplement, his prior pleadings.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files a second amended complaint.

4. The clerk of the court is directed to set a pro se case management deadline using the following text: April 1, 2021—amended complaint due.

5. The clerk of the court is directed to send to Plaintiff a blank civil complaint form for violation of civil rights (prisoner).

6. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 2nd day of March, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge